

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00004-CR

_____

JOSE AGUILLEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2014-1278-C1

Before Morriss, C.J., Moseley and Burgess, JJ.

## O R D E R

The appellant, Jose Aguillen, through counsel, has filed a motion with this Court seeking to unseal the sealed portion of the clerk's record in this case. Counsel correctly represents that a portion of the clerk's record in this matter was filed under seal. He further indicates that the McLennan County District Clerk's Office has refused to provide him with a copy of that record because it was sealed by the trial court. Toward the end of obtaining a copy of the sealed documents, counsel asks that we unseal the record.

We overrule appellant's motion to unseal the record, as we see no valid basis for removing the seal that the trial court saw fit to place on the documents. However, our review of the sealed portion of the record reveals that there is no valid basis for withholding the documents from appointed appellate counsel. Consequently, while we do not unseal the record, we do order the McLennan County District Clerk's Office to provide a copy of the sealed portion of the record in this matter to Doyle L. Young, counsel appointed to represent Aguillen on appeal.

Aguillen's counsel has also filed a motion to extend the deadline for filing his brief in this matter. The brief is currently due April 19, 2017.

Although counsel did not cite the clerk's refusal to allow him to see the sealed portion of the record as a basis for his motion to extend the deadline for filing his brief, we are cognizant of the fact that counsel cannot fully prepare appellant's brief without access to the complete record. Accordingly, we grant Aguillen's motion and extend the deadline for filing his brief by thirty days, making the brief now due May 19, 2017. Nevertheless, the sealed portion of the clerk's record is only eleven pages long, as compared to the reporter's record, which is 986 pages long, and the

unsealed portion of the clerk's record, which is 157 pages long. Moreover, there is no indication that counsel has been denied access to the unsealed portions of the appellate record. Therefore, this Court will not look favorably on further requests for extensions of time in this matter.

IT IS SO ORDERED.

BY THE COURT

Date: April 11, 2017